# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 24-0291V**

|  |  |
|---|---|
| EPIPHANIE MUSABYEMARIYA, <br><br>              Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>              Respondent. | Chief Special Master Corcoran <br><br> Filed: June 2, 2026 |

*Christopher J. Webb, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for Petitioner.*

*Margaret Armstrong, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On February 23, 2024, Ephiphanie Musabyemariya filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq.2 (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccine she received on November 2, 2022. Petition at 1. On September 19, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 31.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $51,817.93 (representing $47,589.90 in fees plus $4,228.03 in costs). Motion for Fees and Costs ("Motion") filed January 14, 2026, ECF No. 36. Petitioner also filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

No. 36-3. Respondent reacted to the motion on January 28, 2026, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 37. Respondent does, however, question the reasonableness of Petitioner's counsel staying at a luxury hotel in Manhattan, N.Y., rather than in accommodations closer to Petitioner's location in Poughkeepsie, N.Y. *Id.* at 3.

That same day Petitioner filed a reply addressing Respondent's concerns about the location of counsel's stay for while meeting with Petitioner. ECF No. 38. Counsel argued that Manhattan is "primarily serviced" by LaGuardia Airport, and that staying in the area of Manhattan provided a "reasonable resources to allow Petitioner's counsel to drive to/from Poughkeepsie" and provided counsel "time and flexibility to meet with Petitioner." *Id.* at 2.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl.

Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested by attorney Christopher J. Webb and his supporting paralegals for work performed through 2025 are reasonable and consistent with prior determinations, and will therefore be adopted herein. And the time billed to the matter was reasonably incurred.

## ATTORNEY COSTS

Petitioner has requested a total of $4,228.03 in litigation costs. Such costs are associated with obtaining medical records, the Court's filing fee, postage costs and travel expenses. I have reviewed the requested costs and find the majority of them to be reasonable - with the exception of certain travel expenses incurred by Attorney Webb.

Like attorney's fees, costs incurred in a Vaccine Act matter must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The billing records reveal that Petitioner's attorney traveled from Memphis, Tennessee, to New York City, NY, from March 17 – 19, 2024, for an in-person meeting with Petitioner in her hometown of Poughkeepsie NY.  Mr. Webb stayed for two nights in New York City at The New York Edition, a luxury hotel, two hours outside of Poughkeepsie. ECF No. 36-2 at 33. Petitioner requests reimbursement of $1,604.85 for the two-night stay, including meals charged to the room. It appears the nightly room charge at The New York Edition was $580 per night between March 17 – 19, 2024, not including sales, county, and city taxes. This amount exceeds the federal government's daily lodging rates for a hotel stay in New York, NY, which was most recently $258.00 per night in March 2024.[2] Additionally, Mr. Webb's choice of hotel was two hours outside of the intended location for the in-person meeting. Should Mr. Webb have selected hotel accommodations closer to Petitioner's location of residence, rates would have fallen in line with per diem rates.[3]

---

[2] Per diem information can be found  https://www.gsa.gov/travel/plan-book/per-diem-rates

[3] Independent research by the Court found that hotel stays in the location of Petitioner would fall in more line with federal government per diem rates. *See e.g.* www.expedia.com; www.hotels.com

In addition, the federal government's total Meals and Incidental Expenses (M&IE) amount for one day in March 2024 was $79.00, which included breakfast, lunch, dinner, and incidental expenses. The hotel receipt submitted hereto reflects that Mr. Webb spent $125.32 for meals on March 17, 2024, $141.41 for meals on March 18, 2024, at the hotel lounge, and $47.83 for lunch with Petitioner. ECF No. 36-2 at 30, 33. These amounts exceed the M&IE amount listed above. In addition, the meals have no corresponding itemized receipts, other than the charges appearing on the hotel invoice. Complete, itemized receipts are necessary to evaluate the reasonableness of an expense.

While travel costs related to the Vaccine Claim are generally compensable, excessive costs claimed for upgraded methods of transportation, meal expenses in excess of what would be reasonable, or luxury hotels are not. Other special masters have previously reduced Black McLaren attorneys, Mr. Webb included, for excessive expenditure on both hotel stays and meals during travel. See *Dotter v. Sec'y of Health & Human Servs.* No. 24-0061V, 2025 WL 4013014, (Fed. Cl. Spec. Mstr. Dec. 10, 2025), *Lantz v. Sec'y of Health & Human Servs.,* No. 24-844V, 2025 WL 4082997 (Fed. Cl. Spec. Mstr. Dec. 15, 2025), *Pesce v. Sec'y of Health & Human Servs.,* No. 24-0363V, 2026 WL 926138 (Fed. Cl. Spec. Mstr. Mar. 3, 2026).

Accordingly, I find the total amount claimed for the luxury hotel stay and meals to be excessive and hereby apply a reduction of ***fifty percent*** as a fair adjustment to account for this issue**. Application of the foregoing reduces the total amount of costs to be awarded by $826.34**.[4]

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for Attorney's Fees and Costs. **Petitioner is awarded attorney's fees and costs in the total amount of $50,991.59 (representing $47,589.90 for attorney's fees and $3,401.69 for costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for

---

[4] Total hotel and meal charges was $1,652.68. ECF No. 36-2 at 30, 33.

review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]


**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.